# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

**David Catanzaro,**

Plaintiff-Appellant,

**v.**

**Walmart.com, et al**

Defendants-Appellees.



No. 24-1247

District Court No. 3-22-cv-01754

On Appeal from **UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF PENNSYLVANIA**

**BRIEF OF PLAINTIFF-APPELLANT**

## TABLE OF CONTENTS

1.  **TABLE OF AUTHORITIES................ 3-4**

2.  **STATEMENT OF JURISDICTION ......4-5**

3.  **STATEMENT OF ISSUES FOR REVIEW....5-6**

4.  **STATEMENT OF THE CASE..................7-12**

5.  **SUMMARY OF THE ARGUMENT............12-14**

6.  **ARGUMENTS.....................................14-17**

   I.   **The District Court Erred by Dismissing the Motion for Reconsideration Based on Non-Compliance with Local Rule 7.5 Without Considering the Plaintiff-Appellant's Pro Se Status.**

   II.  **The District Court's Dismissal of the Case Violated the Plaintiff-Appellant's Due Process Rights.**

   III. **The District Court Failed to Provide Necessary Accommodations to the Plaintiff-Appellant as a Pro Se Litigant.**

7.  **CONCLUSION.......................................17-18**

8.  **CERTIFICATE OF SERVICE ...................19**

9.  **CERTIFICATE OF COMPLIANCE ............20-21**

## 1.    TABLE OF AUTHORITIES

**Cases:**

- Haines v. Kerner, 404 U.S. 519 (1972)

- Jones v. Flowers, 547 U.S. 220 (2006)

- Puckett v. Cox, 456 F.2d 233 (6th Cir. 1972)

- Estelle v. Gamble, 429 U.S. 97 (1976)

- Fuentes v. Shevin, 407 U.S. 67 (1972)

- Pliler v. Ford, 542 U.S. 225 (2004)

- Lewis v. Casey, 518 U.S. 343 (1996)

**Statutes:**

- 28 U.S.C. § 1291

- Federal Rules of Civil Procedure, Rule 60(b)

- Federal Rules of Appellate Procedure, Rule 4(a)(1)(A)

**Regulations**

- Local Rule 7.5, U.S. District Court for the Middle District of Pennsylvania

**Secondary Sources**

- 5 Am. Jur. 2d Appellate Review § 600 (2020)

- 9 Wright & Miller, Federal Practice and Procedure § 2531 (3d ed. 2020)
- Federal Judicial Center, Pro Se Litigation Management Manual (2000)

## 2.    STATEMENT OF JURISDICTION

The United States Court of Appeals for the Third Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, which grants the Courts of Appeals jurisdiction to review all final decisions of the district courts, except where a direct review may be had in the Supreme Court.

The appeal is taken from a final order of dismissal entered by the United States District Court for the Middle District of Pennsylvania on January 8, 2024. This order dismissed the plaintiff-appellant's case in its entirety, thereby constituting a final decision that terminated the litigation on the merits in the district court. Accordingly, this order is appealable under 28 U.S.C. § 1291 as it effectively ends the litigation and leaves nothing more for the court to do but execute the judgment.

The notice of appeal was timely filed on January 25, 2024. The Federal Rules of Appellate Procedure 4(a)(1)(A) require that a notice of appeal in a civil case be filed with the district clerk within 30 days after entry of the judgment or order appealed from. The plaintiff-appellant's filing of the notice of appeal within this

period satisfies the timeliness requirement, ensuring this Court's jurisdiction over the appeal.

As such, this Court has jurisdiction to hear and decide the present appeal.

### 3.　　STATEMENT OF ISSUES FOR REVIEW

**1.　　Whether the District Court erred by denying Plaintiff-Appellant's Motion for Reconsideration for failure to comply with Local Rule 7.5, without considering the Plaintiff-Appellant's pro se status and the specific circumstances that led to the non-receipt of the court's order, thereby abusing its discretion.**

The issue concerns the District Court's strict application of procedural requirements without accommodation for a pro se litigant's unique situation, including alleged mail delivery issues that resulted in the Plaintiff-Appellant's unawareness of the order to identify "Does 1-50" within a specified timeframe. This review will examine the balance between procedural adherence and the equitable treatment of pro se litigants in the federal court system, particularly in light of precedents that afford pro se litigants certain leniencies in procedural matters.

**2.　　Whether the District Court's dismissal of the case, based on Plaintiff-Appellant's failure to comply with an order that was not received due to**

**alleged mail delivery issues, constituted a violation of the Plaintiff-Appellant's due process rights under the Fifth and Fourteenth Amendments.**

This issue addresses the fundamental right to due process, particularly the requirement for adequate notice and an opportunity to be heard. The appellate review will focus on whether the District Court's actions, in dismissing the case for non-compliance with an order that the Plaintiff-Appellant contends was never received, failed to meet the constitutional guarantees of procedural due process.

**3.    Whether the District Court failed to provide reasonable accommodations to the Plaintiff-Appellant, a pro se litigant, in navigating procedural requirements and in effecting meaningful participation in the litigation, especially considering the ongoing challenges posed by the COVID-19 pandemic.**

The appeal raises the question of the judiciary's responsibility to ensure access to justice for pro se litigants, particularly during unprecedented times such as the continuing fall-out as a result of the COVID-19 pandemic. It challenges whether the District Court's expectations for procedural compliance were reasonable under the circumstances and aligned with the principle that the legal system should be accessible to all, including those without formal legal training.

## 4.    STATEMENT OF THE CASE

4.    This case arises from a civil action initiated by Plaintiff-Appellant David J. Catanzaro (hereafter "Appellant") against Defendants Walmart, Inc., Walmart.com, and Does 1 Through 50 alleging patent infringement. The case was filed in the United States District Court for the Middle District of Pennsylvania, bearing Case No. 3:22-cv-1754.

5.    The core of the dispute centers on the alleged infringement of United States Patent No. 7,653,959 B1 (the "'959 patent"), entitled "Article Assembly," which was issued on February 2, 2010, and expired on December 30, 2016. The Appellant asserts ownership of the '959 patent and claims that Defendants have infringed upon this patent through their manufacture, sale, and distribution of certain Orbeez brand products, specifically Orbeez Crush Cruskins Pets and Orbeez Crush Safari Crushkins Animals maker and assorted product lines, without license or permission.

6.    The Appellant's Verified Second Amended Complaint for Patent Infringement, filed on April 5, 2023, seeks a declaratory judgment of infringement, damages adequate to compensate for the infringement as permitted by 35 U.S.C. § 284, a finding of willful infringement, and an award of increased damages and attorney's fees and/or no less than a reasonable royalty. The complaint also details

the procedural and factual background leading to the filing, including the ownership and enforceability of the '959 patent, the Defendant's business operations that allegedly infringe upon the patent, and the Appellant's right to seek damages under the patent laws of the United States.

7.     Despite the clear claims of patent infringement and the detailed account of the Defendants' infringing activities, the District Court dismissed the case, leading to the present appeal. The dismissal has deprived the Appellant of the opportunity to seek redress for the alleged infringement of his patent rights, prompting this appeal to the United States Court of Appeals for the Third Circuit to review the dismissal and address the substantial legal questions raised by the Appellants Brief herein.

**8.     Procedural History**

i.     On August 10, 2023, the District Court issued an order requiring the Appellant to identify "Does 1-50" within thirty (30) days, failing which the case would be dismissed. This order was purportedly mailed to the Appellant at his address of record, the same through which he had received all prior court communications.

ii.     The Appellant contends that he did not receive this order due to mail delivery issues, a problem he attributes to the broader disruptions caused by the COVID-19 pandemic. Consequently, he failed to meet the court-imposed

deadline to identify the "Does 1-50."

iii.    Upon discovering the order dated August 10, 2023, on September 14, 2023, through the accidental or unintended review of the case docket on Pacer, the Appellant promptly filed a Motion for Reconsideration on September 15, 2023. In this motion, the Appellant sought to have the August 10 order vacated, arguing non-receipt of the order and requesting additional time to comply with the court's directive.

iv.    The District Court denied the Motion for Reconsideration, grounding its decision on the Appellant's failure to file a supporting brief as mandated by Local Rule 7.5. The court also noted that, despite the Appellant's claim of non-receipt, (Appellant depends on the Mail for ALL court cummunacations) the order was mailed to the same address as all other communications, which had been successfully received. Furthermore, the court observed that even after the Appellant became aware of the August 10 order, the Appellant did not take steps to identify the "Does 1-50" during the pendency of the Motion for reconsideration. When the Appellant read this language within the January 8, 2024 Court ordered dismissal, Appellant was flabbergasted. Consequently, as just stated, on January 8, 2024, the District Court dismissed the case in its entirety and directed the Clerk of Court to close the case.

v.    Aggrieved by the District Court's dismissal, the Appellant filed a timely

Notice of Appeal on January 25, 2024, challenging the dismissal on grounds of procedural error, violation of due process rights, and the failure to accommodate a pro se litigant under extraordinary circumstances.

9.   **Factual Background:**

a.  Plaintiff-Appellant David J. Catanzaro ("Appellant") is the owner of United States Patent No. 7,653,959 B1 (the "'959 patent"), entitled "Article Assembly," which was issued on February 2, 2010, and expired on December 30, 2016. The '959 patent represents a continuation of U.S. Patent No. 6,026,532 (the "'532 patent"), further emphasizing its significance in the field of article assembly. Notably, the enforceability of the '959 patent is predicated upon a Terminal Disclaimer that mandates joint ownership of both the '532 and '959 patents.

b.  On August 31, 2016, Church & Dwight Co., as part of a settlement agreement from a previous patent infringement lawsuit, reassigned the '532 patent back to the Appellant. This assignment reinstated the Appellant's full legal rights to enforce the '959 patent, particularly within the six-year look-back period permitted by Section 286 of the Patent Act for infringement claims.

c.  The Defendants in this case, Walmart, Inc., and its division Walmart.com,

have been identified as engaging in activities that, according to the Appellant, infringed upon the '959 patent. Specifically, the Defendants have been accused of manufacturing, selling, and distributing Orbeez Crush Cruskins Pets and Orbeez Crush Safari Crushkins Animals Maker, among other product lines, which allegedly embody the patented invention. These actions have been undertaken without any license or permission from the Appellant, leading to the initiation of this lawsuit and then subsequent settlement by the named parties.

d. Furthermore, the case's complexity is heightened by the involvement and subsequent removal of Maya Group Inc. and Spin Master from the complaint. Spin Master, which had acquired certain assets from Maya Group including the Orbeez brand, was initially considered a defendant due to the alleged infringement. However, upon discovery that Spin Master did not assume liability for Maya Group's products or actions prior to December 2019, the Appellant chose not to pursue claims against Spin Master in this action.

e. This lawsuit, therefore, centers on the alleged patent infringement by Walmart, Inc., Walmart.com and Does 1through 50 (to be identified if this appeal is overturned) concerning the '959 patent through their dealings with Orbeez branded products.

## 5.   SUMMARY OF THE ARGUMENT

10.   The District Court's dismissal of the Plaintiff-Appellant's case constitutes a reversible error for several reasons that fundamentally impact the fairness and accessibility of the judicial process, especially for pro se litigants under extraordinary circumstances such as those presented and that are still persistent by the COVID-19 pandemic.

11.   First, the District Court erred procedurally by dismissing the Plaintiff-Appellant's Motion for Reconsideration on the basis of non-compliance with Local Rule 7.5 without considering the Plaintiff-Appellant's pro se status and the unique challenges he faced. The federal courts have long recognized that pro se litigants are not held to the same stringent standards as those represented by legal counsel (Haines v. Kerner, 404 U.S. 519 (1972)). This leniency is especially warranted when, as here, the litigant's failure stems from circumstances beyond his control, such as alleged mail delivery issues which were frequent during the global pandemic and that are still ongoing. The application of Local Rule 7.5 should not be so inflexible as to preclude a pro se litigant's meaningful access to justice, particularly when considering the importance of the notice and opportunity to be heard (Pliler v. Ford, 542 U.S. 225 (2004)).

12.    Second, the District Court's dismissal of the case for failure to comply with

an order that the Plaintiff-Appellant contends was never received represents a

violation of the Plaintiff-Appellant's due process rights under the Fifth and

Fourteenth Amendments. The essence of due process is the opportunity to be heard

"at a meaningful time and in a meaningful manner" (Mathews v. Eldridge, 424 U.S.

319 (1976)). Dismissing the case without ensuring that the Plaintiff-Appellant had

actual notice of the critical order effectively deprived him of these fundamental due

process rights. Courts have consistently held that procedural fairness must be

maintained, and adequate notice is a cornerstone of such fairness (Jones v. Flowers,

547 U.S. 220 (2006)).


13.    Lastly, the District Court failed to afford the Plaintiff-Appellant, a pro se

litigant, the necessary accommodations to navigate the procedural landscape of the

case effectively. While the judiciary is not required to act as legal counsel for pro se

litigants, it is obligated to provide them with a reasonable opportunity to present

their case (Estelle v. Gamble, 429 U.S. 97 (1976)). This includes making

allowances for the ongoing challenges posed by the COVID-19 pandemic, which

has universally disrupted traditional processes, including mail delivery. The failure

to consider these factors and provide some leeway in procedural requirements does

a disservice to the principles of justice and accessibility of the courts.

14.    Therefore, this appeal seeks reversal of the District Court's dismissal order based on the procedural error, the violation of due process rights, and the lack of accommodation for the Plaintiff-Appellant's pro se status. It is incumbent upon the appellate court to ensure that the judicial process remains fair and accessible to all participants, regardless of their legal representation status.

## 6.    ARGUMENTS

## I.    The District Court Erred by Dismissing the Motion for Reconsideration Based on Non-Compliance with Local Rule 7.5 Without Considering the Plaintiff-Appellant's Pro Se Status.

### 1.    Legal Standard for Pro Se Litigants

Courts have long acknowledged that pro se litigants are not held to the same stringent standards as those represented by attorneys. In Haines v. Kerner, 404 U.S. 519 (1972), the Supreme Court held that pro se pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers. This leniency ensures access to the judicial process for individuals who choose to represent themselves.

### 2.    Application to the Present Case

The District Court's strict adherence to Local Rule 7.5, requiring a brief in support of motions, without consideration of the Plaintiff-Appellant's pro se status and the unique challenges he faced, constitutes an abuse of discretion. The failure to receive the court's order, as claimed by the Plaintiff-Appellant, compounded by the disruptions caused by the COVID-19 pandemic, underscores the need for flexibility. The court's refusal to accommodate these circumstances effectively barred the Plaintiff-Appellant from a meaningful opportunity to pursue his case.

## II.    The District Court's Dismissal of the Case Violated the Plaintiff-Appellant's Due Process Rights.

### A.    Principle of Due Process

The due process clause of the Fifth and Fourteenth Amendments guarantees individuals the right to be heard at a meaningful time and in a meaningful manner (Mathews v. Eldridge, 424 U.S. 319 (1976)). This foundational principle requires that litigants receive adequate notice of proceedings and orders that may affect their rights.

### B.    Violation in the Instant Case

In dismissing the case for non-compliance with an order the Plaintiff-Appellant contends was never received, the District Court denied the Plaintiff-Appellant the

fundamental right to due process. The reliance on presumed receipt, without verification or accommodation for the Plaintiff-Appellant's unique situation, especially during the pandemic-induced disruptions, falls short of the constitutional guarantee of procedural fairness. The appellate court should thus find that the dismissal without proper notice was a due process violation.

## III.    The District Court Failed to Provide Necessary Accommodations to the Plaintiff-Appellant as a Pro Se Litigant.

### A.    Judiciary's Role in Assisting Pro Se Litigants

While the judiciary is not expected to provide legal counsel to pro se litigants, it has a responsibility to ensure that the courtroom is accessible and fair to all, regardless of legal representation. This includes making accommodations or allowances to account for the lack of legal training (Estelle v. Gamble, 429 U.S. 97 (1976)).

### B.    Lack of Accommodation Amidst the ongoing disruption's caused by the COVID-19 Pandemic

The unique challenges posed by the COVID-19 pandemic, particularly impacting traditional communication and filing methods, necessitated greater flexibility and understanding from the courts. The District Court's failure to consider these factors, or to provide any leeway in procedural requirements for the pro se Plaintiff-

Appellant, underscores a disregard for the principles of justice and accessibility. The appellate court should recognize the need for procedural accommodations under such extraordinary circumstances.

## 7.    CONCLUSION

In light of the arguments presented and the authorities cited herein, the Plaintiff-Appellant, David J. Catanzaro, respectfully requests that this Honorable Court reverse the decision of the United States District Court for the Middle District of Pennsylvania, which dismissed his case against Walmart Stores, Inc., et al., for failure to comply with an order that the Plaintiff-Appellant contends was never received. This appeal has demonstrated that the District Court's strict enforcement of procedural requirements without due consideration of the Plaintiff-Appellant's pro se status, the alleged failure of mail delivery, and the challenges posed by the COVID-19 pandemic, resulted in a procedural error, a violation of the Plaintiff-Appellant's due process rights, and a failure to accommodate a pro se litigant's efforts to navigate the judicial process.

Therefore, the Plaintiff-Appellant seeks the following relief from this Court:

i.    Reverse the District Court's order of dismissal entered on January 8, 2024.

ii.    Remand the case back to the District Court for further proceedings, allowing the Plaintiff-Appellant an opportunity to identify "Does 1-50" within a

reasonable timeframe and to amend the complaint as initially requested.

iii.   Instruct the District Court to provide necessary accommodations to the Plaintiff-Appellant as a pro se litigant, in recognition of the unique challenges faced by individuals representing themselves, especially during the unprecedented times of a global pandemic.

iv.   Award any further relief that this Court deems just and proper, including but not limited to the costs and fees associated with this appeal.

**DATED: MARCH 20TH 2024**

**SUBMITTED BY:**

David Catanzaro
Plaintiff-Appellant
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March, 2024, I have filed the foregoing Brief

of Plaintiff-Appellant with the Clerk of this Court.

**SUBMITTED BY:**

David Catanzaro
Plaintiff-Appellant
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) and the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6).

   i.   This brief contains 2700 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). The word count is based on the word-count function of Microsoft Word, the software used to prepare the brief.

   ii.  This brief has been prepared in a proportionally spaced typeface using Microsoft Word with 14-point Times New Roman.

   iii. Footnotes within this brief are prepared in a proportionally spaced typeface using Microsoft Word with 12-point Times New Roman.

This certificate was prepared by David Catanzaro, the undersigned, who is a party to this appeal and has prepared this document.

**Dated: March 20th 2024**

**SUBMITTED BY:**

David Catanzaro
Plaintiff-Appellant
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com

From:

**David Catanzaro**
**286 Upper Powderly Street**
**Carbondale, PA 18407**

To:

**OFFICE OF THE CLERK**
**UNITED STATES COURT OF APPEALS**
**21400 U.S. COURT HOUSE**
**601 MARKET STREET**
**PHILADELPHIA, PA 19106**



RECEIVED
MAR 2 2 2024
U.S.C.A. 3rd. CIR.



**UNITED STATES POSTAL SERVICE.**

Reta

**G**

**US POSTAGE PAID**

**$9.50**

Origin: 18407
03/20/24
4111600

**USPS GROUND ADVANTAGE™**

1 Lb 11.80

**RDC**

**C019**

SHIP
TO:

RM 21400
601 MARKET ST
PHILADELPHIA PA 19106-1701



**USPS TRACKING® #**

9534 6124 1052 4080 6356 22

